**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM SMALLS,

        Plaintiff,

v.                                         Case No. 3:19-cv-1274-J-34JRK

THE FIRST LIBERTY INSURANCE
CORPORATION,

        Defendant.

_____

# O R D E R

## I.   Status

This cause is before the Court on Defendant's Motion to Compel Better Answers to Interrogatories (Doc. No. 15; "Motion"), filed September 9, 2020. Plaintiff responded to the Motion on September 22, 2020. See Plaintiff's Response in Opposition to Defendant's Motion to Compel Better Answers to Interrogatories (Doc. No. 18; "Response").

On February 3, 2020, Defendant served its Interrogatories to Plaintiff. Motion at 1; Response at 1; see Motion at Ex. A (Doc. No. 15-1) (Interrogatories). On April 10, 2020, Plaintiff served his answers to Defendant's Interrogatories, some of which Defendant believed were "problematic." Motion at 1. In the Motion, Defendant seeks an order compelling better answers to Interrogatories 10, 12, and 14. Id. About a week after the Motion was filed, Plaintiff served his Amended Answers to Interrogatories 10 and 14. Response at 1-2, 4. Plaintiff did not amend his answer to Interrogatory 12. Id. at 1, 3-4. Upon review of Plaintiff's amended answers, the Motion is due to be denied as moot as to Interrogatories 10 and 14, and it is due to be granted as to Interrogatory 12.

## II.   Procedural History / Claims

Plaintiff originally filed this case in state court on July 26, 2019. See Notice of Removal at Ex. 3 (Doc. No. 1-3) (state court docket sheet). While the matter was still in state court, Plaintiff filed an Amended Complaint on October 3, 2019, and Defendant filed its Answer on October 23, 2019. See Amended Complaint for Breach of Contract and Demand for Jury Trial (Doc. No. 4; "Amended Complaint"); Answer, Affirmative Defenses, and Demand for Jury Trial (Doc. No. 5).

On November 1, 2019, Defendant removed the matter to this Court. See Notice of Removal (Doc. No. 1). With leave of Court, see Order (Doc. No. 12), Defendant filed an Amended Answer, Affirmative Defenses, and Demand for Jury Trial (Doc. No. 13) on February 28, 2020. Thereafter, the instant Motion and Response were filed.

This case involves alleged damages to Plaintiff's property, which was insured through a policy issued by Defendant. Amended Complaint at 1-2 ¶ 4. Plaintiff brings a breach of contract claim against Defendant, alleging that Defendant "failed to provide complete coverage for the physical damages that occurred during the contract period." Id. at 3 ¶ 20.

## III.   Applicable Law

Generally, a party is entitled to discovery that is "relevant to a party's claim or defense" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The language of Rule 26(b)(1), Federal Rules of Civil Procedure ("Rule(s)"), has been construed liberally by courts "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 351

(1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)). The burden is on the party seeking discovery to demonstrate that its production "is relevant, i.e., calculated to lead to admissible evidence." <u>Shearson Lehman Hutton, Inc. v. Lambros</u>, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (citing Fed. R. Civ. P. 26(b)(1)).

Under Rule 33, a party may serve written interrogatories on any other party. Answers to interrogatories must be served within thirty days. Fed. R. Civ. P. 33(b)(2). A party must provide "responsive, full, complete and unevasive" answers and "cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control." <u>Essex Builders Grp., Inc. v. Amerisure Ins. Co.</u>, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (citation omitted). If the party does not have the "necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." <u>Id.</u> If the party served fails to answer an interrogatory or objects, the requesting party may move the court to compel an answer in accordance with Rule 37. Motions to compel discovery pursuant to Rule 37 are left to the sound discretion of the trial court. <u>See Commercial Union Ins. Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

## IV.   Discussion

Interrogatory 12 seeks information about the cause of the claimed damages.[1] The Interrogatory and Plaintiff's Answer follow.

> **12.**     Please state the cause of loss as to the damages related to the subject lawsuit, and explain how you determined this to be the cause of loss, to include any entities and/or individuals that have opined as to the cause of loss. Please also specify the details related to who opined as to the cause of loss, whether said individual and/or entity inspected your property, and if so,

---

[1]     Given that the Motion is due to be denied as moot as to Interrogatories 10 and 14, the undersigned does not address the parties' arguments on those Interrogatories.

when? Were any photographs taken during the aforementioned inspection(s)?

**Answer:**     The damages were due to roof leaks which allowed water intrusion into the subject property and allowed mold growth. Plaintiff noticed visible water intrusion and leaks coming from the ceilings in the rooms outlined in Plaintiff's response to Interrogatory #1.

Motion at Ex. A, p. 5; id. at Ex. B (Doc. No. 15-2), p. 7 (some capitalization and emphasis omitted).[2]

Defendant asserts Plaintiff's answer to Interrogatory 12 is not responsive. Defendant contends that "despite the estimate including the cost to replace the roof, Plaintiff's answer does not identify a cause of loss as to the roof." Id. at 3. Further, argues Defendant, Plaintiff's answer "fails to: 'explain how you determined this to be the cause of loss, to include any entities and/or individuals that have opined as to the cause of loss…specify the details related to who opined as to the cause of loss, whether said individual and/or entity inspected your property, and if so, when? Were any photographs taken during the aforementioned inspection(s)?" as requested by the interrogatory.'" Id. at 3-4 (quoting Interrogatory 12).

Responding, Plaintiff contends his answer is sufficient because it "appropriately identifies that roof leaks allowed water to infiltrate the interior of the property causing water damage and allowing mold growth." Response at 3. According to Plaintiff, although he has the burden to prove he "sustained a physical loss (damage) to the subject property during the policy period," he does not have to prove causation. Id. Instead, argues Plaintiff,

---

[2]       The rooms identified in Interrogatory 1 are the following: "1) Kitchen, 2) Living Room, 3) Dining Room, 4) Family Room, 5) Bathroom, 6) Master Bathroom, 7) Master Bedroom and Closet, 8) Bedroom 2 and Closet, 9) Bedroom 3 and Closet, 10) Laundry Room, and 11) Hallway." Motion at Ex. A, p. 4.

Defendant has the burden to "prove the subject loss is excluded from coverage and therefore . . . Defendant must prove causation of the damages." <u>Id.</u> at 4.

Upon review, the undersigned finds that Plaintiff's answer to Interrogatory 12 is partially deficient. Plaintiff sufficiently "state[d] the cause of loss as to the damages related to the subject lawsuit" by representing that "[t]he damages were due to roof leaks which allowed water intrusion into the subject property and allowed mold growth." Motion at Ex. A, p. 5; <u>id.</u> at Ex. B, p. 7 (emphasis omitted). Plaintiff also "explain[ed] how [he] determined this to be the cause of loss" by stating that he "noticed visible water intrusion and leaks coming from the ceilings in the rooms outlined in Plaintiff's answer to Interrogatory #1." <u>Id.</u> at Ex. A, p. 5; <u>id.</u> at Ex. B, p. 7 (emphasis omitted). It is true that Plaintiff did not answer the questions about the opinions of entities or individuals as to the cause of loss. Based on the representations in the Response, it is possible Plaintiff left these questions unanswered because he has not sought or received any such opinions. Nonetheless, if this is the case, Plaintiff should have "state[d] so under oath" and should have "set forth in detail the efforts made to obtain the information." <u>See</u> <u>Essex</u>, 230 F.R.D. at 685. Accordingly, Plaintiff shall correct this deficiency by supplementing his amended answer to Interrogatory 12.

## V.   Conclusion

Based on the foregoing, it is

**ORDERED:**

1.     Defendant's Motion to Compel Better Answers to Interrogatories (Doc. No. 15) is **DENIED as moot in part** and **GRANTED in part**.

2.      The Motion is **DENIED as moot** to the extent it requests an order compelling

better answers to Interrogatories 10 and 14.

3.      The Motion is **GRANTED** to the extent that on or before **October 19, 2020**,

Plaintiff shall serve a supplemental answer to Interrogatory 12 in accordance with this

Order.

**DONE AND ORDERED** in Jacksonville, Florida on October 2, 2020.

**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:
Counsel of Record